CV-12 0966

SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U S DISTRICT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FEB 28 2012

LONG ISLAND OFFICE

WEXLER, J.

TOMLINSON, M

| | | |
|---|---|---|
| Beth Neville on behalf of herself and all others similarly situated | ) ) ) ) | |
| Plaintiff, | ) ) ) | No. |
| v. | ) ) ) | |
| Williams & Fudge, Inc., | ) ) | CLASS ACTION COMPLAINT |
| Defendant. | ) ) | JURY DEMANDED |

**Class Action Complaint for Violations of the Fair Debt Collection Practices Act**

Introduction

1.  Plaintiff Beth Neville ("Plaintiff" or "Neville") files this Complaint seeking redress for the illegal practices of Defendant Williams & Fudge, Inc.. ("Defendant" or "W&F"), in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

Parties

2.  Plaintiff Beth Neville is a citizen of New York State who resides within this District.

3.  Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

1

Case 2:12-cv-00966-GRB   Document 1   Filed 02/28/12   Page 2 of 10 PageID #: 2

4. The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services.

5. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services. The alleged debt was allegedly incurred for school tuition.

6. Defendant is regularly engaged in the collection of debts allegedly due to others.

7. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

## Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

11. Venue is also proper in this district since Defendant transact business in this district.

2

## Factual Allegations

12. Western Governors University ("Western") alleges that Plaintiff owes them tuition.

13. Western hired Defendant to collect the debt.

14. Western alleges that the Plaintiff owed a total of $1,467.50 for outstanding tuition.

15. On October 27, 2011 Defendant sent Plaintiff a collection letter (Exhibit A)

16. Exhibit A seeks to collect a total debt of $1,956.67.

17. The $1,956.67 is approximately thirty-three and one third percent (33.3%) more than the $1,467.50.

18. Upon information and belief, the additional thirty three percent (33%) demanded by defendant was not incurred by Western or Defendant and was unearned, unreasonable, unconscionable, and bore no relation – reasonable or otherwise – to any actual damages incurred by Western or Defendant for any goods or services supplied by Western and/or Defendant for any work performed by or on behalf of Western and/or Defendant.

19. Upon information and belief, Defendant arbitrarily created the demand for an approximately 33% collection fee in an attempt to collect unearned fees, which Western had not incurred, and to simultaneously intimidate and scare Plaintiff into paying the so-called "Principal" out of fear that he would otherwise be liable for the additional thirty three percent (33%).

3

20. Exhibit A is a form letter.

21. Upon information and belief, Defendant sends form letters containing language substantially similar or materially identical to that contained in Exhibit A to hundreds of consumers in New York. Upon information and belief, Defendant collected an additional thirty three and one third percent (33.3%) from other New York consumers for tuition debts alleged to be owed to Western.

## *Class Action Allegations*

22. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    a.    Based on the fact that the collection letter at the heart of this litigation are mass-mailed form letters, the classes are so numerous that joinder of all members is impractical.

    b.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

    c.    The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendant's records.

    d.    Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

    e.    Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

23. A class action is superior for the fair and efficient adjudication of the class members' claims.

24. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

25. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

26. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

27. If the facts are discovered to be appropriate, Defendant will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

28. This Count is brought by Plaintiff, individually, and on behalf of a class consisting of all persons who, according to Defendant's records: (a) have mailing addresses within New York State; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to Exhibit A; or (d) were sent a written communication which demanded an additional thirty three percent and one third percent (33.3%) of the alleged "principal" balance that Defendant was attempting to collect; and (e) which was not returned by the postal service as undelivered.

29. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

## Count I

### Violations of the Fair Debt Collection Practices Act

30. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

## Count I

### Violations of the Fair Debt Collection Practices Act

31. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

### The October 27, 2011 letter

32. By sending Exhibit A and attempting to collect the additional thirty three and one third percent (33%), Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§1692 e, e(2), e(10), f, f(1), and g.

33. By sending Exhibit A and attempting to collect the additional thirty-three and one third percent (33.3%), Defendant violated 15 U.S.C. § 1692e, e(2)(A), and e(10), by falsely representing the character, amount, and legal status of the alleged debt. This is also an unfair and unconscionable act under 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

6

34. By sending <u>Exhibit A</u> and attempting to collect the additional thirty-three and one third percent (33.3%) Defendant also violated 15 U.S.C. § 1692e, e(2)(B), and e(10), by falsely representing services rendered and compensation which may be lawfully received by Defendant for the collection of the alleged debt. This is also an unfair and unconscionable act under 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

35. By sending <u>Exhibit A</u> and attempting to collect the additional thirty-three and one third percent (33.3%), Defendant also violated 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1) by attempting to collect a fee that is not permitted by law, or authorized by an agreement.

36. By sending <u>Exhibit A</u> and attempting to collect the additional thirty-three and one third percent (33.3%) Defendant also violated 15 U.S.C. § 1692g(a)(1), by incorrectly stating the amount of the alleged debt. This is also an unfair and act under 15 U.S.C. § 1692f.

37. By sending <u>Exhibit A</u> and attempting to collect the additional thirty-three and one third percent (33.3%), Defendant also violated 15 U.S.C. § 1692e(5), by threatening to take an action that could not lawfully be taken. This is also an unfair and act under 15 U.S.C. § 1692f.

38. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

39. As a result of Defendant deceptive and unfair debt collection practices, Defendant is liable to Plaintiff and the Class.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Actual damages provided under the FDCPA, 15 U.S.C. 1692k;

(C) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(D) Declaratory relief declaring that Exhibit A violates the FDCPA; and

(E) Any other relief this Court deems appropriate and just.

### Jury Demand

Plaintiff demands trial by jury.


Dated: West Islip, New York
February 28, 2012

RESPECTFULLY SUBMITTED,

_____
Joseph Mauro, Esq.
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
(631) 669-0921

8

# EXHIBIT A



*WILLIAMS & FUDGE, INC.*

SDWH L10
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

300 Chatham Ave., P.O. Box 11590
Rock Hill, SC 29731-1590
1-803-329-9791    1-800-849-9791
TTY: 1-866-220-2920

**MAIL ALL CORRESPONDENCE TO:**

Williams & Fudge, Inc.
PO Box 11590
Rock Hill SC 29731-1590

October 27, 2011

G86406-1    651562438

Beth Neville
39 Autumn Ln
Hicksville NY 11801-6333

Account #:    198468
Amount Owed: $1956.67
Pin #:    41541456

*** Detach Upper Portion And Return With Payment ***

| CREDITOR | ACCOUNT # | AMT OWED |
|---|---|---|
| WESTERN GOVERNORS UNIV AEL, WI | 198468 | 1956.67 |

We have been retained by the above creditor to collect the total amount from you in connection with a delinquent educational debt.

In order to clear this outstanding debt, we suggest that you contact the undersigned with respect to a full resolution, or send the balance in full to the above office.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Williams & Fudge, Inc.
B Duenkel
(803) 325-1158
Bduenkel@wfcorp.Com

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

New York City Department of Consumer Affairs License Number: 1074538

As a convenience we provide alternative methods for payment of the above balance.
Alternative methods to pay include electronic checks (ACH), check over the phone, Visa,
Master Card, and Discover. Both the phone number and email address of the debt collector
handling your account is provided in the body of this letter. Payment may also be made on our Internet website at
http://www.wfpayaccounts.com. You may also view account information at our website by selecting the "Checking Your Balance" option.

  

SDWH L10